70 F.3d 1275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alyce TINSLEY, Plaintiff-Appellant,
v.
METHODIST HOSPITAL OF INDIANA, INC., Defendant-Appellee.
 No. 95-1623.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 22, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Alyce Tinsley appeals the district court order dismissing her lawsuit against Methodist Hospital of Indiana, Inc. Methodist Hospital is a private hospital and an Indiana corporation. Tinsley makes no claim that she is a citizen of any state other than Indiana, as would be necessary for her to claim diversity jurisdiction. Tinsley worked for Methodist Hospital from October 19, 1992 through August 7, 1994. She alleges that while working at the hospital, she slipped on a wet floor and injured her back, causing her continuing pain and back problems. Tinsley further alleges that she quit because reductions in the hospital staff made her workload intolerable.
 
 
 2
 Tinsley filed this pro se action claiming that Methodist Hospital's negligence and disregard for its employees' well-being violated her constitutional rights: in particular, she claimed that the defendant's torts denied her the "promot[ion] of [her] general Welfare, and ... the Blessings of Liberty to [herself] and [her] posterity," as she believed was guaranteed to her by the Preamble to the Constitution of the United States.
 
 
 3
 The nature of Tinsley's complaint was far from clear. Generously construing Tinsley's pleadings, both Methodist Hospital and the district court treated it as an attempted claim under 42 U.S.C. Sec. 1983, since her pleadings made out no other potentially viable claim. The district court granted summary judgment in favor of the defendant based on the undisputed fact that Methodist Hospital was neither a state actor nor could its actions fairly be said to be "under color of state law." The district court also dismissed for lack of subject matter jurisdiction any claim that Tinsley may have been asserting under the Indiana Worker's Compensation Act.
 
 
 4
 On appeal, Tinsley vehemently denies that she intended to assert a claim under Sec. 1983 or the Indiana Worker's Compensation Act. In a section of her brief captioned "The Nature of the Case." Tinsley succinctly states, "Negligence. The nature of the case is a negligent workplace, and its role in nourishing, and sustaining [her] injury on the job." The question before this court on appeal, then, is whether Tinsley's alleged negligence claim is cognizable in federal court.
 
 Analysis
 
 5
 Federal courts are courts of limited jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). Even if a plaintiff has a valid cause of action (and we have no opinion as to the validity of this plaintiff's negligence claim), the plaintiff may not necessarily be able to bring that case in a federal court--there is no general right to "make a federal case" out of just any suit. Except for a narrow range of cases (not relevant here) in which Article III of the Constitution grants original jurisdiction to the Supreme Court, a plaintiff may bring a suit in federal court only if a statute of Congress authorizes the federal courts to hear that type of suit--that is, only if the federal court has subject matter jurisdiction. Bender, 475 U.S. at 541; Abercrombie, 833 F.2d at 674. Congress has granted federal district courts jurisdiction to hear cases brought under Sec. 1983, see 28 U.S.C. Sec. 1343(a), but the appellant insists that she is not raising a Sec. 1983 claim. Because, as noted above, there is no diversity of citizenship between the appellant and the appellee, the only other conceivable statutory basis for jurisdiction in this case would be 28 U.S.C. Sec. 1331; that section gives federal district courts original jurisdiction over "all civil actions arising under the Constitution ... of the United States."
 
 
 6
 Tinsley contends that her case arises under the Constitution. According to Tinsley, Methodist Hospital denied her the "Blessings of Liberty" and infringed her "general Welfare," thereby violating her constitutional rights. The Preamble, however, does not guarantee any rights; instead, it describes the goals and aspirations behind the text of the Constitution. Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 22 (1905). To find a constitutional right--or violation thereof--the appellant must therefore look to the text of the Constitution. Id.
 
 
 7
 The Constitution guarantees "liberty" in two places: the Fifth and Fourteenth Amendments. Those Amendments, however, limit the power of only the federal and state governments; they do not regulate purely private conduct. DeShaney v. Winnebago County Dept. of Social Svcs., 489 U.S. 189, 195-96 (1989); Adickes v. S.H. Kress & Co., 398 U.S. 144, 169 (1970) (Fourteenth Amendment); Public Util. Comm. of District of Columbia v. Pollack, 343 U.S. 451, 461 (1952) (Fifth Amendment). As such, neither the Fifth nor the Fourteenth Amendment provides a constitutional basis on which Tinsley may bring suit against Methodist Hospital.
 
 
 8
 Similarly, the only provision in the Constitution for "the general Welfare" is Art. I. Sec. 8. cl. 1, granting Congress the power to tax and spend "for the general Welfare." South Dakota v. Dole, 483 U.S. 203, 206-07 (1987); Buckley v. Valeo, 424 U.S. 1, 90-91 (1976). But that clause does not grant individuals any protection against encroachments of their individual welfare by private parties. Because the Constitution does not protect Tinsley's liberty interests or individual welfare against infringement by private parties, Methodist Hospital's alleged negligence does not amount to a constitutional violation. Accordingly, Tinsley's suit does not arise under the Constitution, and hence, Sec. 1331 confers no jurisdiction on federal courts to hear this case.
 
 
 9
 Tinsley's appellate brief asserts--albeit obliquely--a second basis for federal jurisdiction. She claims that "[t]he Right to a choice is Constitutional: therefore, the individual must be given a choice in where he/she can address their grievances [over] job related injur[ies]." While it is true that the Constitution grants freedom of choice in many respects, it cannot be read for so broad a proposition as granting an unfettered choice as to the forum in which to bring a lawsuit. Indeed, in New York Cent. R.R. Co. v. White, 243 U.S. 188 (1917), the Supreme Court held that states may, consistent with the Constitution, supplant common law negligence rules with worker's compensation schemes, and thereby require injured workers to seek relief only through the worker's compensation system. (The appellant erroneously reads Lower Vein Coal Co. v. Industrial Bd. of Indiana, 255 U.S. 144 (1921) as standing for the opposite proposition; in fact, Lower Vein held that, as to particular industries, a state may supplant common law remedies with a worker's compensation system.) We thus read nothing in the Constitution to give this plaintiff the unrestricted right to choose the forum in which to bring her claim.
 
 
 10
 We take the plaintiff at her word that she is not filing a suit under Sec. 1983 or the Indiana Worker's Compensation Act. We construe her claim as one for negligence. We have no jurisdiction to hear plaintiff's negligence claim where there is no diversity of jurisdiction between the parties.
 
 
 11
 The judgment of the district court is MODIFIED so as to dismiss for lack of subject matter jurisdiction. The judgment is AFFIRMED as modified.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record